UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22896-BLOOM
(Case No. 23-cr-20122-BLOOM-1)

XAVIER LATRELL SMITH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DISMISSING HABEAS PETITION – 28 U.S.C. § 2241

**THIS CAUSE** is before the Court upon Petitioner Xavier Latrell Smith's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1].[1] Petitioner seeks release from custody prior to sentencing following his jury trial and conviction in Case No. 23-cv-20122-BLOOM. The Court has screened the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.[2] No Government response has been ordered because it is clear from the face of the Petition that it must be dismissed without prejudice.

---

[1] Petitioner does not specify the statute under which he brings the Petition. But "[f]ederal courts must 'look behind the label' of an inmate's *pro se* motion and determine whether there is any framework under which his claim might be cognizable." *United States v. Nickson*, 521 F. App'x 867, 868 (11th Cir. 2013) (quoting *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990)). The Court construes the Petition as a section 2241 habeas petition—rather than a 28 U.S.C. § 2255 motion to vacate sentence—because Petitioner has not yet been sentenced. *See* 28 U.S.C. § 2255(a) (Specifying that section 2255 provides a remedy for collaterally attacking a "sentence"); *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) ("[Section] 2255 allows 'a prisoner in custody under sentence of a court' to challenge that sentence, such that the statutory language itself assumes that the movant already has been sentenced."). As explained below, however, regardless of how the Court construes the Petition, it is subject to dismissal.

[2] The Court may apply the Rules Governing § 2254 Cases to petitions under § 2241. *See* Rules Governing § 2254 Cases, R. 1(b); *O'Neal v. United States*, No. 22-cv-20193-BB, 2022 WL 168536, at *1 (S.D. Fla. Jan. 19, 2022).

## I. BACKGROUND

Petitioner is a post-trial detainee awaiting sentencing and confined at the Federal Detention Center in Miami, Florida ("FDC Miami"). *See generally United States v. Smith*, No. 23-cr-20122-BLOOM. On March 21, 2023, Petitioner was charged by indictment with conspiracy to commit sex trafficking (Count 1); sex trafficking of a minor (Count 2); transporting a minor to engage in sexual activity (Count 3); coercion and enticement of a minor to engage in sexual activity (Count 4); and commission of a sex offense by a registered sex offender (Counts 5 and 6). *See* CR ECF No. [3].³ On March 8, 2024, a jury found Petitioner guilty on all six counts. *See* CR ECF No. [181]. Petitioner's sentencing hearing is currently set for August 23, 2024. *See* CR ECF No. [257].

In the instant Petition, Petitioner lists a litany of constitutional violations he claims occurred in his criminal case. He alleges, among other things, that his "Fourth Amendment right was violated" when his phone was "illegally seized"; that he "didn't make a knowing, intelligent, voluntary [or] intentional waiver of his constitutional right to counsel" and therefore the "evidence and statements obtained from [Petitioner] w[ere] the . . . fruits of the poisonous tree"; that the indictment was defective and should have been dismissed; that he received ineffective assistance of counsel; and that "the Government suppressed favorable evidence to his defense." ECF No. [1] at 11-22. Petitioner also asserts that his "Eighth Amendment right was violated while being a[n] FDC Miami detainee" because he was subjected to harsh conditions of confinement. *Id*. at 19. For relief, Petitioner asks to be released from custody. *Id*. at 28.

## II. LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

---

³ The Court cites filings in Petitioner's criminal case using "CR ECF No.[;]" filings in the civil case before the Court are cited using "ECF No."

2

28 U.S.C. § 2241(c)(3). District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief." *Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to relief.]"). Likewise, the Supreme Court has held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, R. 4).

## III. DISCUSSION

The Petition must be dismissed because "[a] collateral attack on the legality of a federal conviction or sentence generally may be brought only under 28 U.S.C. § 2255." *Nipper v. Warden, FCC Coleman-Medium*, 688 F. App'x 851, 852 (11th Cir. 2017). Section 2255 does contain a "savings clause," which allows a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 whenever "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But that savings clause does not apply here. Petitioner's claims challenge the validity of his conviction on the grounds that it resulted from various constitutional violations. Thus, § 2255 is not "inadequate or ineffective to test the legality of his detention" because these claims fall squarely within the scope of § 2255. *Id.*; *see also Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) ("[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights" (quotation omitted)); *McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) ("A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim.").

Even if the Court construes the Petition as a § 2255 motion, it is subject to dismissal as premature because Petitioner has not yet been sentenced. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (holding that a § 2255 motion filed after a jury verdict and before sentencing must be dismissed as premature because "§ 2255, and the relevant case law, instruct that the time for filing a § 2255 motion begins to run after the direct appeal process is complete"); *Williams v. O'Neill*, No. 511-cv-113, 2012 WL 1041749, at *1 & n.1 (S.D. Ga. Mar. 28, 2012) (dismissing as premature section 2241 petition brought before sentencing, which alleged various defects in criminal trial, and noting that its claims fell "within the ambit of 28 U.S.C. § 2255 and are, therefore, not appropriately brought pursuant to § 2241."). Once Petitioner has been sentenced, his available remedy will be to file a direct appeal, if he so chooses. *See Casaran-Rivas*, 311 F. App'x at 273 (holding that collateral relief may not be pursued before a direct appeal because "the disposition of a direct appeal might render a habeas motion unnecessary"). Only after Petitioner's conviction has become final by either the conclusion of the direct appeal process or the expiration of the time to file an appeal will he be able to collaterally attack his conviction via a § 2255 motion. *See Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending.").

Alternatively, insofar as the relief Petitioner seeks is merely release from custody pending sentencing, his remedy is to file a motion for release pending sentencing in his underlying criminal case. *See* 18 U.S.C. § 3143(a); Fed. R. App. P. 9; Fed. R. Crim. P. 46(c). Federal detainees may not use § 2241 to seek relief that is available in their underlying federal criminal cases. *See, e.g.*,

*Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) (affirming dismissal of federal detainee's § 2241 petition as premature because his claims "are properly brought during his criminal case and subsequent direct appeal, should he choose to file one"); *Butler v. Cook*, No. 21-CV-440-MW/MJF, 2021 WL 6137312, at *2 (N.D. Fla. Nov. 30, 2021) ("A federal defendant in a criminal case . . . 'is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief.'" (quoting *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017))).

Lastly, Petitioner's Eighth Amendment claim concerning the conditions of his confinement at FDC Miami is not cognizable in a habeas petition and instead must be brought under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance"); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983." (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006))). Even if the Court construes the Petition as a § 1983 complaint, "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015).

**IV. CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

Case No. 24-cv-22896-BLOOM

2. A certificate of appealability shall not issue because "a federal prisoner who proceeds under § 2241 does not need a COA to proceed." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

3. Petitioner's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED AS MOOT.**

4. The Clerk of Court is directed to **CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 8, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Xavier Latrell Smith
51874-510
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE